JUDGMENT ENTRY {¶ 1} This cause comes before us upon Appellee's Motion for Reconsideration of our opinion in the within, filed December 15, 2003. For the reasons that follow, we sustain the motion to reconsider and alter our decision as to appellants' claim against State Farm Mutual Auto Insurance Co.
 {¶ 2} A motion to reconsider should bring to the court's attention an obvious error or an issue not fully considered. This motion does so.
 {¶ 3} Appellants brought claims against five automobile insurance companies and their homeowners' insurance carrier. Four of the five automobile insurance claims were made pursuant to Scott Pontzer v.Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660, 1999-Ohio-292,710 N.E.2d 116 and Ezawa v. Yasuda Fire Marine Insurance Co.,
86 Ohio Stated 3d 557, 1999-Ohio-124, 715 N.E.2d 1142. The fifth, however, was made by appellants Norma and John Shirley against State Farm Auto, their personal auto insurance company. This count inadvertently overlooked this claim.
 {¶ 4} The trial court found appellants' claim was barred because they had violated the notice and subrogation portions of the contract.
 {¶ 5} During the pendency of this case, the Ohio Supreme Court decided Ferrando v. Auto Owners Mutual Insurance Co., 98 Ohio St.3d 186,2002-Ohio-7217. Ferrando holds violations of notice and/or subrogation clauses do not preclude recovery as a matter of law. Instead, this issue presents a question of fact regarding whether the insureds acted reasonably and whether the insurance company was actually prejudiced.
 {¶ 6} In light of the above, we find the trial court erred in entering summary judgment in favor of State Farm Mutual Auto Insurance Co.
 {¶ 7} The trial court's judgment in this issue is reversed, and the cause is remanded for proceedings pursuant to Ferrando, supra.
 {¶ 8} It is so ordered.